## J. G. Campbell *v.* William Irvine.

**Release of Surety—Notice to Holder to Prosecute and Collect.**

When a surety has given notice to the holder of a note to sue and prosecute his suit to collect, on the failure of the holder to do so with reasonable diligence and in good faith such surety will be released.

APPEAL FROM MARION CIRCUIT COURT.

November 18, 1876.

OPINION BY JUDGE COFER:

The appellee held the joint note of J. G. Campbell, E. G. Mayes, and Thomas Irvine, upon which he brought suit against Campbell and Mayes. They answered at the ensuing August term, and the cause was continued. At the January term, 1875, Campbell filed an amended answer in which he averred that on the 2d day of January he gave notice to the plaintiff, now appellee, to sue out process against Thomas Irvine and prosecute the suit against him; and in a second amended answer he averred that suit had been commenced against Thomas and process served in time for judgment at the January term, that no answer was filed or defense made, but that the plaintiffs had failed to take judgment, and that Thomas had in the meantime become insolvent. Notwithstnding the notice and failure of the appellee to prosecute the suit against Thomas, the court rendered judgment against the appellant, J. G. Campbell, for the full amount of the note.

Section 11, Chap. 104, Gen. Stat., provides: "A surety, co-obligor or co-contractor, or one of several defendants to a judgment, may, by notice in writing served * * * on the creditor or plaintiff, * * * require him to sue or issue execution; and if the creditor shall not sue to the next term thereafter at which he can obtain judgment and in good faith prosecute the suit with reasonable diligence, or if the plaintiff shall not, within ten days thereafter, sue out execution, and in good faith prosecute the collection thereof, such co-surety, co-obligor or co-contractor shall be discharged from all liability as such, except for the proper share of such co-surety, co-obligor, co-contractor or defendant, according to the then existing condition of the several obligors, contractors, or defendants; and in any joint suit against the whole, or separate suit against him, judgment shall only be rendered against him separately, and only for such proper share."

It is manifest that the suit against Thomas Irvine was not prosecuted in good faith and with reasonable diligence, and judgment should only have been rendered against the appellant for his proper share of the debt according to the then condition of the several obligors. If all the obligors were then solvent, appellant's share of the debt was one-third; but the appellee was then prosecuting his suit

against the appellant and Mayes, and the appellee cannot be discharged from any besides the share of Thomas Irvine.

The evident purpose of the statute was to protect the party giving the notice against loss resulting from failure to sue, and he should not be released beyond the loss he may have sustained by that failure; but when he has given the notice and the obligee has failed to sue and prosecute his suit in good faith with reasonable diligence, the law assumes that he has sustained loss to the amount to which he could have looked for indemnity to the co-obligor not sued. It does not appear that Mayes is insolvent, so that had the appellant paid the whole debt he could only have recovered from Thomas one-third, and to that extent, and that only, he is released by the notice and failure of the appellee to comply with the statute.

The judgment against the appellant is *reversed,* and cause remanded with directions to render judgment against him for two-thirds of the note and interest.

*Russell & Averitt, for appellant.*